IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ANTHONY JOSEPH ROACH, (TDCJ-CID #1431488) | § § § § |
| Petitioner, | § § |
| VS. | §   CIVIL ACTION NO. H-11-1941 § |
| RICK THALER, | § § § |
| Respondent. | § |

**MEMORANDUM AND OPINION**

The petitioner, Anthony Joseph Roach, seeks habeas corpus relief under 28 U.S.C. § 2254, challenging a state felony conviction for aggravated robbery. The respondent filed a motion for summary judgment on the ground that the petition was filed to late. (Docket Entry No. 9). Roach filed a response. (Docket Entry No. 11). Having considered the pleadings, the motion and response, the record, and the applicable law, this court grants the respondent's motion and, by separate order, enters final judgment. The reasons for these rulings are set out below.

**I.   Background**

A jury of the 284th Judicial District Court of Montgomery County, Texas found Roach guilty of three counts of aggravated robbery. (Cause Number 06-04-03792-CR). On April 12, 2007, the jury sentenced Roach to 30 years in prison on each count, to be served concurrently. The Eleventh Court of Appeals of Texas affirmed Roach's convictions on February 19, 2009. Roach did not file a petition for discretionary review in the Texas Court of Criminal Appeals.

On February 12, 2010, Roach filed an application for state habeas corpus relief. The Texas Court of Criminal Appeals dismissed the application on September 8, 2010, for failure to comply with Rule 73.1 of the Texas Rules of Appellate Procedure. *Ex parte Roach,* Application No. 74,601-01 at cover. Roach filed a second application on September 20, 2010, which the Texas Court of Criminal Appeals denied without written order, on findings of the trial court, without a hearing, on May 11, 2011. *Ex parte Roach,* Application No. 74,601-02 at cover. On June 8, 2010, Roach filed his first federal petition, Civil Action Number 4:10-2104. The court dismissed that petition for want of prosecution on September 21, 2010.

On May 20, 2011, this court received Roach's federal petition. The petition was filed when Roach gave it to the prison authorities for mailing to the district court. *Spotville v. Cain,* 149 F.3d 374, 378 (5th Cir. 1998). Roach is presumed to have put his federal petition in the prison mail on the date he signed it, May 19, 2011. *Sonnier v. Johnson,* 161 F.3d 941, 945 (5th Cir. 1998).

Roach contends that his conviction is void for the following reasons:

(1) Trial counsel, William E. Harrison, rendered ineffective assistance by:

    A. failing to conduct a proper investigation of the following matters:

        i. the surveillance tape that showed the activities in the store's parking lot;

        ii. Roach's videotaped confession for signs of intoxication;

        iii. Roach's videotaped confession for evidence that he was denied milk, which would have "laced" his stomach from the cocaine he had swallowed;

        iv. evidence that Roach was hospitalized after his confession;

        v. the differences between Roach's confess2ion and the statement of the State's key witness, Jamarcus Haywood;

        vi.     Roach's alibi witness, Chase Gray;

        vii.    Roach's family and friends, who could have testified on his behalf at sentencing;

        viii.   Roach's out-of-state witness, who would have testified that he was in Denver, Colorado at the time of the robbery; and

        ix.     Roach's videotaped confession for signs of coercion;

   B.    failing convey the prosecutor's plea offer of five years;

   C.    advise Roach as to:

        i.      his alibi and

        ii.     his coerced confession; and

   D.    failing to submit a written motion for continuance.

(2)    Roach's confession was coerced;

(3)    The trial court abused its discretion by refusing to grant a continuance so that the defense could call Chase Gray, a witness who was incarcerated in Jasper, Texas; and

(4)    Roach is actually innocent of the offense for which he was convicted.

(Docket Entry No. 1, Petition for Writ of Habeas Corpus, pp. 7-7J; Docket Entry No. 5, Petitioner's Memorandum, p. 23).

      The threshold issue is whether this petition was filed too late to permit this court to consider the claims on the merits.

## II.   Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), imposed a one-year statute of limitations for federal habeas corpus petitions. The statute provides in part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

The limitations period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). Roach's conviction became final when the time for filing a petition for discretionary review expired. The Eleventh Court of Appeals affirmed Roach's conviction on

February 19, 2009, giving Roach 30 days, or until March 23, 2009,[1] to file a petition for discretionary review. TEX. R. APP. P. 68.2(a). Roach did not file a petition for discretionary review. Absent tolling, the one-year limitations period ended on March 23, 2010.

Roach waited 326 days after March 23, 2009, or until February 12, 2010, before filing his first state habeas application. The Texas Court of Criminal Appeals dismissed Roach's application for noncompliance with Rule 73.1 of the Texas Rules of Appellate Procedure on September 8, 2010. When the Texas Court of Criminal Appeals denied Roach's application, 39 days of the one-year limitations period remained. A properly filed application for state post-conviction relief tolls limitations. 28 U.S.C. § 2244(d)(2)(West 1997).

The issue is whether Roach's first state habeas application had a tolling effect. In *Davis v. Quarterman*, No. 08-10495, 2009 WL 2710057, at *1 (5th Cir. Aug. 27, 2009), *cert. denied*, No. 09-7570 (U.S. Jan. 19, 2010), the Fifth Circuit considered whether a state habeas application dismissed for noncompliance had any tolling effect. That court reasoned:

> Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." An application is "filed" when delivered and accepted by a court official. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). However, "an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Id.*
>
> At the time that Davis filed his state postconviction application in January 2006, TEX. R. APP. P. 73.1 provided that the

---

[1] The 30-day period ended on March 21, 2009, which was a Saturday. Rule 6(a)(1)(C) of the Federal Rules of Civil Procedure provides that the last day of the period should be included, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

> application must specify all grounds for relief, and must set forth in summary fashion the facts supporting each ground. The information must be provided on the form itself. *Ex parte Blacklock*, 191 S.W.3d 718, 719 (Tex. Crim. App. 2006).
>
> Davis did not summarily state the basis for his claims on the habeas application form. Instead, he inserted forty typewritten pages stating his claims in great detail. His application was clearly not filed in conformity with TEX. R. APP. P. 73.1. Because it was not a "properly filed" state application under § 2244(d), it did not toll the limitation period. Thus, Davis has not demonstrated that the district court erred in not finding a basis for the statutory tolling of the limitation period. *Prieto v. Quarterman*, 456 F.3d 511, 514 (5th Cir. 2006).

*Davis v. Quarterman*, No. 08-10495, 2009 WL 2710057, at *1.

Similarly, Roach did not summarily state the basis for his claims on the state habeas application form. Instead, he referred to a 20 page typewritten memorandum in which he stated his claims in great detail. Roach's first state habeas application was not filed in conformity with TEX. R. APP. P. 73.1. Because it was not a "properly filed" state application under § 2244(d), it did not toll the limitations period. The limitations period ended on March 23, 2010, but Roach waited until May 19, 2011 before filing his federal petition. Roach's second state habeas application did not toll the limitations period because it was filed after the limitations period ended. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Roach's first federal petition, Civil Action Number 4:10-2104, was filed on June 8, 2010, and dismissed for want of prosecution on September 21, 2010. The limitations period under § 2244(d)(2) was not tolled during the pendency of Roach's prior federal petition. *See Duncan*, 533 U.S. at 181-82 (noting that § 2244(d)(2) does not toll the limitation period during the pendency of a federal habeas petition); *see also Grooms v. Johnson*, 208 F.3d 488, 489 (5th Cir. 1999). Even if this court considered whether the pendency of the federal petition justified equitable

tolling,[2] the conclusion would be that Roach did not comply with the order to submit his federal petition using the forms provided. Nor did he comply with the court order to pay the filing fee or submit an application to proceed *in forma pauperis*. The court admonished Roach that failure to comply as directed could result in dismissal of his petition for want of prosecution. The court dismissed Roach's federal petition in Civil Action Number 4:10-2104 for want of prosecution because he failed to comply with these orders. Equitable tolling operates only "in rare and exceptional circumstances". *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998) (citation and internal quotation marks omitted). Equitable tolling has historically been limited to situations in which the petitioner "has actively pursued his judicial remedies by filing a defective proceeding during the statutory period, or where the [petitioner] has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). The petitioner bears the burden of establishing that equitable tolling is warranted. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), *modified on reh'g*, 223 F.3d 797 (5th Cir. 2000). "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)) *Holland* v. *Florida*; "Diligence" in this context is "reasonable diligence,

---

[2] *see Duncan*, 533 U.S. at 183-84 (Stevens, J. concurring) (explaining that *Duncan* does not preclude a court from equitably tolling the limitations period during the pendency of a prior federal habeas proceeding).

not maximum feasible diligence." 130 S. Ct. 2549, 2565 (2010) (internal citations and quotation marks omitted).

Roach filed his first state habeas application on February 12, 2010. After ordering counsel to submit an affidavit responding to the application, the trial court recommended denying habeas relief. The Texas Court of Criminal Appeals dismissed the application for noncompliance with Texas Rule of Appellate Procedure 73.1 on September 8, 2010. Roach filed his second state writ application promptly after receiving notification that his first state application had been dismissed. Roach acknowledged receipt of the order dismissing his application on September 13, 2010. *Ex parte Roach*, Application No. 74,601-01 (EventDate:09/23/2010) Objections to Dismissal of Art. 11.07 Writ. Roach filed a corrected application seven days later, on September 20, 2010. *Ex parte Roach*, Application No. 74,601-02 at 79. While Roach acted diligently on learning that his first state application had been dismissed for noncompliance, he did not exercise that same diligence before filing his first state application. Roach waited 11 months after his conviction became final before filing his state habeas application. In light of this delay, Roach did not diligently pursue post conviction relief for his aggravated robbery conviction, as necessary for equitable tolling. *See Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001).

Roach does not identify other grounds for equitable tolling and the record discloses none. *See, e.g., Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000)(finding that confiscation of legal materials and an inadequate law library did not show equitable tolling), *cert. denied*, 532 U.S. 963 (2001); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir.)(finding that alleged inadequacies in prison law library and lack of notice of AEDPA's requirements did not warrant equitable tolling), *cert. denied*, 531 U.S. 1035 (2000); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir.)(finding that

unfamiliarity with the legal process or lack of representation during the applicable filing period did not merit equitable tolling), *cert. denied*, 528 U.S. 1007 (1999). Ignorance of the law and lack of legal assistance, even for an incarcerated prisoner, generally do not excuse late filing. *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); *United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993)(an inmate's *pro se* status, illiteracy, deafness, or lack of legal training do not amount to factors external to the inmate that excuse an abuse of the writ). *Pro se* litigants are the rule, not the exception, in § 2254 suits. Roach's *pro se* status does not present a rare and exceptional circumstance that excuses the delay in filing his federal habeas petition.

Roach does not satisfy any of the exceptions to the AEDPA statute of limitations. The record does not indicate that any unconstitutional state action prevented Roach from filing an application for federal habeas relief before the end of the limitations period. 28 U.S.C. § 2244(d)(1)(B). Roach's claims do not relate to a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C). Roach's claims relate to the trial that occurred on April 12, 2007. Roach has not shown that he did not know of the factual predicate of his claims earlier. 28 U.S.C. § 2244(d)(1)(D).

Summary judgment is proper when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *see also Christopher Village, L.P. v. Retsinas*, 190 F.3d 310, 314 (5th Cir. 1999). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The pleadings and state court records show that Roach's federal petition is untimely. The respondent is entitled to judgment as a matter of law.

### III. Request for Evidentiary Hearing

Roach requests an evidentiary hearing in this case. Section 2254(e)(2) provides:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that -
> (A) the claim relies on -
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

*Id.* Whether to conduct an evidentiary hearing is within the district court's discretion. *See Williams v. Taylor,* 529 U.S. 420, 436 (2000) (stating that it was "Congress' intent to avoid unneeded evidentiary hearings in federal habeas corpus" proceedings).

When there is a factual dispute that, if resolved in the petitioner's favor, would entitle him to relief, and the state has not afforded the petitioner a full and fair hearing, a federal habeas corpus petitioner is entitled to an evidentiary hearing. *Clark v. Johnson,* 202 F.3d 760, 766 (5th Cir. 2000); *Perillo v. Johnson,* 79 F.3d 441, 444 (5th Cir. 1996). A petitioner is not entitled to an evidentiary hearing "if his claims are merely conclusory allegations unsupported by specifics or contentions that in the face of the record are wholly incredible." *Young v. Herring,* 938 F.2d 543, 559 (5th Cir. 1991). "If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the petition as justice shall require." Rule 8 of the Rules Governing Section 2254 Cases.

This court has been able to resolve all issues raised in this case based on the pleadings and state-court records. The facts and claims Roach seeks to develop are barred by the statute of

limitations. An evidentiary hearing is not required because there are no relevant factual disputes that would require development to assess the claims. *Robinson v. Johnson*, 151 F.3d 256, 268 (5th Cir. 1998), *cert. denied*, 526 U.S. 1100 (1999). Roach's request for an evidentiary hearing, (Docket Entry No. 11, p. 5), is denied.

## IV. Conclusion

The respondent's Motion for Summary Judgment, (Docket Entry No. 9), is granted. Roach's petition for a writ of habeas corpus is denied. This case is dismissed with prejudice. Roach's motion to supplement his petition, (Docket Entry No. 10), is granted *nunc pro tunc*. All remaining pending motions are denied as moot.

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). Although the petitioner has not yet filed a notice of appeal, this court may rule on a certificate of appealability on it's own. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). To obtain a certificate of appealability, a petitioner must make a substantial showing of the denial of a constitutional right. *United States v. Webster*, 392 F.3d 787, 791 (5th Cir. 2004); 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further. *United States v. Webster*, 392 F.3d at 791; 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a certificate should issue when the petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether

the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, reasonable jurists could not debate the denial of Roach's petition on procedural grounds. A certificate of appealability will not issue.

    SIGNED on December 14, 2011, at Houston, Texas.

                                            Lee H. Rosenthal
                                          United States District Judge